UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROLANDO ALPHONSO BROWN,

    Petitioner,

v.                                             Case No.  4:17cv256-WS-CJK

JAMES BLACKWOOD,

    Respondent.
_____/

REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition as time-barred, providing relevant portions of the state court record. (Doc. 14). Petitioner opposes the motion. (Doc. 23). The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). The undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

BACKGROUND FACTS AND PROCEDURAL HISTORY

On April 7, 2004, petitioner was charged with seven crimes in Leon County Circuit Court Case No. 04-CF-986: burglary of an occupied dwelling (Count 1 – a second degree felony), burglary of a dwelling (Count 2 – a second degree felony), grand theft of a motor vehicle (Count 3 – a third degree felony), grand theft (Count 4 – a third degree felony), felony fleeing or attempting to elude a law enforcement officer (Count 5 – a third degree felony), possession of burglary tools (Count 6 – a third degree felony), and resisting a law enforcement officer without violence (Count 7 – a misdemeanor).  (Doc. 14, Ex. A, pp. 1-2).[1]  Petitioner resolved the charges on May 28, 2004, by entering a counseled, negotiated plea of no contest with adjudication of guilt withheld and a total sentence of 30 months' probation with special conditions.  (Ex. A, pp. 12-13 (plea agreement); Ex. D (plea hearing transcript); Ex. A, pp. 17-18, 26-31 (judgment and corrected order of probation)).

On March 29, 2005, a violation report and an affidavit of violation of probation were filed charging petitioner with changing his residence without consent (absconding).  (Ex. A, pp. 33-36).  The violation report and affidavit were twice amended to add charges that petitioner failed to live without violating the law, after

---

[1] References to exhibits are to those provided at Doc. 14.  Where a page of an exhibit bears more than one page number, the court cites the number appearing at the bottom right corner of the page.

*Case No. 4:17cv256-WS-CJK*

petitioner was arrested for burglary in Leon County Circuit Court Case No. 05-CF-2675 and for robbery with a firearm in Leon County Circuit Court Case No. 05-CF-8406. (*Id.*, pp. 56-62). Petitioner was appointed counsel, and a hearing on the VOP charges was held on September 5, 2006. (Ex. B). The VOP judge found petitioner guilty of violating his probation, revoked his probation, adjudicated him guilty of the six felonies for which he was on probation in Case No. 04-CF-986, and sentenced him to a total term of 50 years in prison.[2] (Ex. B (VOP hearing transcript); Ex. A, pp. 63-72 (judgment and sentence)). Petitioner appealed, claiming there was insufficient evidence to support the revocation of probation. (Ex. A, pp. 75-76 (notice of appeal); Ex. E (initial appellate brief)). The Florida First District Court of Appeal (First DCA) assigned Case No. 1D06-5090. (Ex. A, pp. 75-76; Ex. E). On May 13, 2008, the First DCA summarily affirmed the VOP judgment. *Brown v. State*, 981 So. 2d 1202 (Fla. 1st DCA 2008) (Table) (copy at Ex. H).

In Leon County Circuit Court Case No. 05-CF-2675, petitioner was charged with burglary of a dwelling, petit theft, and resisting an officer without violence, for incidents occurring on March 14, 2005. (Ex. I, p. 1). Petitioner was appointed counsel and, on September 19, 2006, entered a joint stipulation with the State for a

---

[2] Petitioner was sentenced to consecutive terms of 15 years for each of the two burglaries and 5 years for each of the remaining four felonies. These were the statutory maximums. *See* Fla. Stat. § 775.082(3)(d), (e).

non-jury trial based on the VOP evidence, excluding any hearsay evidence. (Ex. K (transcript of court proceeding); Ex. I, pp. 21-22 (written stipulation)).[3] The stipulation included a joint sentencing recommendation should petitioner be found guilty: a sentence of 10 years on the burglary and time served on the remaining two charges, with the 10-year sentence running concurrently with the sentence imposed in Case No. 04-CF-986. (*Id*.). On September 19, 2006, the trial judge found petitioner guilty of the three charges in Case No. 05-CF-2675, adjudicated him guilty and sentenced him to the parties' recommended sentence. (Ex. K; Ex, I, pp. 23-33 (judgment and sentence)). Petitioner appealed from the judgment, claiming there was insufficient non-hearsay evidence to support his conviction for burglary, petit theft and resisting without violence. (Ex. I, pp. 34-35 (notice of appeal); Ex. E (initial appellate brief)). The First DCA assigned Case No. 1D06-5093, and consolidated the appeal with Case No. 1D06-5090 for briefing. (Ex. M). On May 13, 2008, the First DCA summarily affirmed the judgment. *Brown v. State*, 981 So. 2d 1202 (Fla. 1st DCA 2008) (Table) (copy at Ex. L).

---

[3] The same judge presided over petitioner's VOP hearing in Case No. 04-CF-986, and his trial proceeding in 05-CF-2675.

*Case No. 4:17cv256-WS-CJK*

On June 2, 2008, petitioner filed a counseled motion to mitigate sentence under Florida Rule of Criminal Procedure 3.800(c). (Ex. O, pp. 147-50). The state circuit court denied the motion on June 27, 2008. (*Id*., p. 151).

On December 17, 2008, petitioner delivered to prison officials for mailing a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. N, pp. 9-38). On April 28, 2010, [4] petitioner filed a motion for leave to file a belated Rule 3.850 motion, asserting that he filed a timely motion on December 17, 2008; that he inquired with the Leon County Clerk of Court about the status of the motion on March 16, 2010; and that he was informed by the clerk on March 17, 2010, that no such motion was filed. (Ex. N, pp. 1-8). Petitioner's April 28, 2010, motion was accompanied by a copy of the December 17, 2008, Rule 3.850 motion. (*Id*., pp. 9-38). The state circuit court docketed the Rule 3.850 motion, set an evidentiary hearing, and appointed counsel. (*Id*., pp. 45-46, 48). After hearing, the circuit court denied relief. (Ex. N, pp. 62-121 (evidentiary hearing transcript); Ex. O (order denying postconviction relief with attachments)). The First DCA affirmed

---

[4] Throughout her motion to dismiss, respondent deems petitioner's various *pro se* state court pleadings as "filed" on the date they were docketed by the state court. Under the prison mailbox rule, a prisoner's *pro se* pleading is deemed filed on the date it is delivered to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Florida applies this same rule to *pro se* postconviction pleadings filed by prisoners. *See Haag v. State*, 591 So. 2d 614, 617 (Fla. 1992).

per curiam without opinion. *Brown v. State*, 145 So. 3d 832 (Fla. 1st DCA 2014) (Table) (copy at Ex. R). The mandate issued July 21, 2014. (Ex. R).

On July 30, 2015, petitioner filed a second *pro se* Rule 3.850 motion asserting newly discovered evidence. (Ex. S, pp. 1-18). The state circuit court denied the motion on procedural grounds. (*Id*., pp. 25-124). The First DCA affirmed per curiam without opinion. *Brown v. State*, 198 So. 3d 634 (Fla. 1st DCA 2016) (Table) (copy at Ex. V). The mandate issued September 19, 2016. (Ex. X).

While petitioner's second postconviction appeal was pending, he filed a third *pro se* Rule 3.850 motion on August 11, 2016, asserting newly discovered evidence. (Ex. Y, pp. 3-30). The state circuit court denied the motion on procedural grounds. (*Id*., pp. 32-51). The First DCA affirmed per curiam without opinion. *Brown v. State*, 230 So. 3d 1173 (Fla. 1st DCA 2017) (Table) (copy at Ex. AA). The mandate issued March 28, 2017. (Ex. AA).

Petitioner filed his federal habeas petition on May 31, 2017, challenging both his VOP judgment in Case No. 04-CF-986, and his criminal judgment in Case No. 05-CF-2675. (Doc. 1). Respondent asserts the petition is time-barred. (Doc. 14).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the

AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Petitioner asserts that the limitations period is governed by § 2244(d)(1)(D) – the date he discovered the factual predicates of three claims of newly discovered evidence asserted in his state postconviction motions and his federal habeas petition. (Doc. 23, pp. 7, 9-11). Petitioner's first claim of newly discovered evidence is

presented in Ground Four of his habeas petition. (Doc. 1, pp. 19-20 in ECF). Petitioner claims his trial counsel in Case No. 04-CF-986 was ineffective for misadvising him of his maximum sentence exposure should he violate his probation. Petitioner alleges:

> My original lawyer Mr. Andrew Thomas was told by me that I did not want to enter a plea because I did not commit all those charges. Counsel told me that if I accepted the State's plea offer, that the total maximum sentence would be 15 yrs. and that all the sentence[s] would be served together. And if I violated the probation by the sentences being together all I would serve was 85% of 15 yrs. with gain time. On that basis I entered the plea. I was never told by counsel or the court that the maximum I was facing should I violate probation was 50 yrs. Had I known that, I would have never waived my rights to a trial. I received a memo from classification officer alerting me that instead of doing 85% of 15 yrs., its 85% of 50 yrs. This new information was not known to me, or counsel, nor the court in the time normally for filing a 3.850 motion.

(Doc. 1, p. 19 in ECF). Petitioner also asserts his VOP counsel (Steven Been) was ineffective for misadvising him to reject a 15-year plea offer on the erroneous basis that petitioner's maximum sentence exposure for the VOP was only 15 years in prison "because that's the most [petitioner] could receive anyway and that the sentences would have to be served together". (*Id.*, p. 20 in ECF).

A copy of the "memo" petitioner references is part of the state court record. (*See* Ex. S, p. 18). The "memo" is an inmate request plaintiff submitted to the classification department at his institution on June 13, 2015, asking for confirmation

that "I'll only have to serve 85% of the 15 years that was imposed by the judge." (*Id.*). The prison official's June 16, 2015, response informed petitioner that he "received 50 years total." (*Id.*). The insurmountable problem for petitioner is that the factual predicate of this claim (counsels' advice and the fact that petitioner received a 50-year sentence and not a 15-year sentence) was known to him on September 5, 2006, when the court imposed sentence at the conclusion of the VOP hearing. (Ex. J, p. 103).

Petitioner's second claim of newly discovered evidence is presented in Ground Five of his habeas petition. (Doc. 1, pp. 20-21 in ECF). Petitioner claims the Assistant State Attorney at the VOP proceeding violated *Giglio v. United States*, 405 U.S. 150 (1972), when he did not inform the VOP court that petitioner's 2004 plea agreement included a provision that if petitioner violated his probation, the VOP court would impose concurrent sentences, making his maximum permissible sentence 15 years in prison. (*Id.*). Petitioner asserts he did not learn the facts underlying this claim until he received the June 16, 2015, response to his inmate request. Again, the factual predicate of petitioner's claim was known to him on September 5, 2006, at the VOP hearing. (Ex. J, p. 103).

Petitioner's final claim of newly discovered evidence is presented in Ground Six of his habeas petition. (Doc. 1, pp. 21-22 in ECF). Petitioner claims the

*Page 10 of 17*

Assistant State Attorney at the VOP proceeding was also the prosecutor on the new criminal case, Case No. 05-CF-2675, and that the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963), when he failed to disclose an FDLE report. (*Id*.). Petitioner provides this information about the report:

> I received a FDLE report on or about 8-15-15 that was not known to me, nor the court on time normal[l]y for filing a 3.850 motion, or known to counsel. I only discovered that the State with[h]eld (2) two hairs that was found on a shirt which was from the FDLE inventory. I also discovered the report only listed one buccal swab that was taken from me but at the time of my arrest for the VOP violation two swabs were taken not one.

(Doc. 1, pp. 21-22 in ECF). Although petitioner alleges the date he received the report, he fails to demonstrate that the FDLE report, or the facts within it, could not have been discovered earlier through the exercise of due diligence. Petitioner has not shown that § 2244(d)(1)(D), as opposed to § 2244(d)(1)(A), governs his case.

Petitioner argues that even if governed by § 2244(d)(1)(A), his petition is timely because it was filed within one year of issuance of the mandate in his third and final Rule 3.850 proceeding. (Doc. 23, p. 8). Petitioner reasons that "it was at this time that Petitioner had no proper motion pending in the state court." (*Id*., p. 9). This argument is without merit. The court must construe § 2244(d)(1) in a manner consistent with Congressional intent, the most persuasive evidence of which is the wording of the statute. *See United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543

(1940) ("There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes."); *Merritt v. Dillard*, 120 F.3d 1181, 1185 (11th Cir. 1997) ("In construing a statute we must begin, and often should end as well, with the language of the statute itself."). Section 2244(d)(1) enumerates four events which affect the commencement of the limitations period. The completion or exhaustion of state court remedies is not one of those events. Although particular state postconviction proceedings may affect the tolling of the limitations period, they do not affect its commencement. *See, e.g., Payton v. Brigano*, 256 F.3d 405 (6th Cir. 2001) (holding that limitations period for state prisoner to file federal habeas petition began to run on date prisoner's conviction became final by conclusion of direct review, not on date he exhausted all state postconviction remedies).

Applying § 2244(d)(1)(A), the First DCA affirmed petitioner's judgments in Case Nos. 04-CF-986 and 05-CF-2675 on May 13, 2008. Petitioner's judgments became "final" for purposes of § 2244(d), on August 11, 2008, when the ninety-day period for seeking certiorari from the United States Supreme Court expired.[5] *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding

---

[5] The 90-day period for filing in the United States Supreme Court a petition for a writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of the mandate. *See* Sup. Ct. R. 13.3; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

that the statute of limitations under § 2244(d) did not begin to run until the 90-day window for filing a certiorari petition with the United States Supreme Court expired). The limitations period began to run one day later, on August 12, 2008, and expired one year later, on August 12, 2009, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of the AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the one-year anniversary of the date it began to run).

On December 17, 2008, petitioner delivered a Rule 3.850 motion to prison officials for mailing. (*See* Ex. N, p. 9). That motion was never filed with the state court. (*See* Ex. N, pp. 1-8). The parties do not address what tolling effect, if any, that motion had on the limitations period. The court need not decide the issue, because even assuming to petitioner's benefit (without deciding) that the federal limitations period was tolled from December 17, 2008, until petitioner's first Rule 3.850 proceeding ended with issuance of the First DCA's mandate on July 21, 2014, petitioner's federal habeas petition is untimely.

Petitioner allowed 127 days of the limitations period to pass before delivering his Rule 3.850 motion to prison officials for mailing on December 17, 2008. That left 238 days remaining on the one-year limitations clock. After the First DCA issued its mandate on July 21, 2014, the limitations period ran for 238 days and expired on March 16, 2015. Petitioner had no properly filed applications for postconviction relief pending during that time. Petitioner's postconviction motions filed after March 16, 2015, did not trigger the tolling benefit of § 2244(d)(2), because the limitations period had already expired. *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run." (citations omitted)). Petitioner's federal habeas petition, filed on May 31, 2017, is untimely.

Petitioner's response argues that even if his petition is deemed untimely, the three claims of newly discovered evidence discussed above warrant equitable tolling or application of the "miscarriage of justice exception" recognized in *Martinez v. Ryan*, 566 U.S. 1 (2012). (Doc. 23). "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (*quoting Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)). A petitioner seeking equitable

tolling must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks omitted).

Petitioner has not established that any of his claims of newly discovered evidence (his discovery of his 50-year sentence, his discovery of the prosecutor's failure to advise the VOP court of an agreement to concurrent sentences, or his discovery of the DNA report) involves an extraordinary circumstance that prevented him from timely filing his federal habeas petition despite the exercise of reasonable diligence. Petitioner's reliance on *Martinez* to overcome the limitations bar is misplaced. "[T]he *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period." *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014). As petitioner has not established entitlement to equitable tolling or any other exception to the limitations bar, his petition should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 14) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgments of conviction and sentences in *State of Florida v. Rolando Brown*, Leon County Circuit Court Case Nos. 2004-CF-986 and 2005-CF-2675, be DISMISSED WITH PREJUDICE.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 18th day of June, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.